IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SAGE FINANCIAL PROPERTIES, LLC, HORIZON PROPERTIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FIREMAN'S FUND INSURANCE COMPANY, <br><br> Defendant. | CV 19-34-BLG-SPW-TJC <br><br> **ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This action was originally brought in the Seventh Judicial District Court, Richland County, in the State of Montana. On April 4, 2019, Defendant Fireman's Fund Insurance Company, timely removed, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and 1441. (Doc. 1.)

Presently before the Court are Plaintiffs' Motion to Remand (Doc. 11) and Defendant's Unopposed Motion for Leave to File Sur-Reply Brief (Doc. 17), which have been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). These motions are fully briefed and ripe for the Court's review. (Docs. 12, 15, 16, 18.)

Having considered the parties' submissions, the Court finds diversity jurisdiction is lacking, and therefore, **RECOMMENDS** Plaintiffs' motion to remand be **GRANTED**.

1

**I.    DISCUSSION**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity of citizenship requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

When Defendant removed this matter from state court, Defendant alleged that it is a California corporation with its principle place of business in Illinois. Defendant further alleged Plaintiff Horizon Properties, Inc. is a Montana corporation with its principle place of business in Montana, and Plaintiff Sage Financial Properties, LLC is a Montana limited liability company with its principle place of business in Montana. Defendant, however, failed to allege any facts regarding the citizenship of the members of Sage Financial.

Plaintiffs moved to remand on grounds that complete diversity does not exist because one of Sage Financial's members, Mark Brodka, is a citizen of California. In response, Defendant agrees that complete diversity does not exist, and that remand is appropriate. Accordingly, in light of the parties' agreement that diversity jurisdiction is lacking, the Court recommends that this action be remanded to state court.

Plaintiffs have also requested attorney's fees pursuant to 28 U.S.C. § 1447(c). The award of attorney's fees on remand is discretionary. Section 1447(c) provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

Here, Defendant incorrectly treated Sage Financial as a corporation, and arguably should have been more diligent in inquiring into the citizenship of Sage Financial's members before removing this action. Despite Defendant's mistake, however, the Court cannot conclude Defendant's conduct was objectively unreasonable on this record. Plaintiffs' Complaint did not include information regarding the members and citizenship of Sage Financial. Further, once Defendant

3

was provided with the affidavit of Mark Brodka, Defendant conceded the basis for removal was lacking, and did not oppose remand.  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  *See also Berkeley Research Grp., LLC v. United Potato Growers of Am., Inc.*, 2017 WL 1650582, *4 (N.D. Cal. May 2, 2017) (finding it was not objectively unreasonable for defendants to remove based on the information in the complaint given the 30-day time limit for removal).  Accordingly, the Court recommends that Plaintiffs' request for attorney's fees be denied.[1]

## III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.  Defendant's Unopposed Motion for Leave to File Sur-Reply (Doc. 17) is **DENIED**.

2.  The Preliminary Pretrial Conference presently scheduled for **May 30, 2019 at 11:00 a.m.** is **VACATED**.

---

[1] Plaintiffs raised the issue of attorney's fees for the first time in their reply brief.  Defendant, therefore, requested leave to file a sur-reply.  In light of the Court's determination that attorney's fees are not warranted, the Court finds it unnecessary to permit Defendant to file a sur-reply.

4

**IT IS RECOMMENDED** that Plaintiffs' Motion for Remand (Doc. 11) be **GRANTED**, and that Plaintiffs' request for attorney's fees be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 21st day of May, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge